CY T. HAINEY, ESQ., (State Bar No. 030634)
Hilltop Law Firm
P.O. Box 9096
Phoenix, Arizona 85068
Telephone and Fax - (602) 466-9631
cy@hilltoplawfirm.com
www.hilltoplawfirm.com

Of Counsel to:
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Scott Risley*

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Risley, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, and VW Credit, Inc., | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, SCOTT RISLEY, BY AND THROUGH COUNSEL, CY T. HAINEY, ESQ, and for his Complaint against Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Gilbert, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. Plaintiff is a natural person residing in the City of Gilbert, Maricopa County, Arizona.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), a foreign limited liability company that conducts business in the state of Arizona; and

   b. VW Credit, Inc. ("VW Credit"), a foreign corporation that conducts business in the state of Arizona.

**GENERAL ALLEGATIONS**

7. Santander and VW Credit (collectively, "Furnishers") are inaccurately reporting their respective tradelines on Plaintiff's Equifax credit disclosure.

8. Santander is inaccurately reporting its False Tradeline on an account opened November 2018 with a payment status of "not more than two payments past due" on Plaintiff's Equifax credit disclosure.

9. VW Credit is inaccurately reporting its Errant Tradeline with an erroneous scheduled monthly payment amount of $328.00 on Plaintiff's Equifax credit disclosure.

10. The account reflected by the Errant Tradeline was closed by VW Credit. Plaintiff no longer has an obligation to make monthly payments to VW Credit. Defendant closed the account. Hence, the entire balance is due presently as Plaintiff has neither the right nor the obligation to satisfy this debt in monthly installments.

11. The Errant Tradeline should be reported by VW Credit with a monthly payment of $0.00. Per credit reporting industry standards and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

12. On November 13, 2020, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradeline reporting with an erroneous scheduled monthly payment amount.

13. On or about December 18, 2020, Plaintiff submitted a letter to Equifax disputing the Errant Tradeline. In his dispute letter, Plaintiff explained that he does not owe recurring payments. Hence, Plaintiff no longer has an obligation to make monthly payments to VW Credit. Plaintiff asked Equifax to remove the monthly payment amount of $328.00 and replace it with $0.

14. The False Tradeline should be reported as "paid". This type of reporting gives the user of the report a far different and better impression of the Plaintiff, his character, and desire to handle his financial obligations responsibly.

15. On April 7, 2021, Plaintiff obtained his Equifax credit disclosure and noticed the False Tradeline reporting with an erroneous payment status.

16. On or about April 9, 2021, Plaintiff, through Credit Repair Lawyers of America, submitted a letter to Equifax, disputing the False Tradeline. In his dispute letter, Plaintiff explained that the account reflected by the False Tradeline is not accurate because Plaintiff paid the debt in full. He attached letters confirming same. Plaintiff asked that Equifax remove the inaccurate payment status and replace it with "Paid and Closed."

17. Equifax forwarded Plaintiff's consumer dispute to the Furnishers. The Furnishers received Plaintiff's consumer dispute from Equifax.

18. On December 22, 2022, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and Santander failed or refused to report the False Tradeline with a payment status of "Paid and Closed."

19. On January 6, 2023, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and VW Credit failed or refused to report the Errant Tradeline with a scheduled monthly payment as $0.00.

20. The False Tradeline is wrong and it does not properly reflect the Plaintiff's account with Santander. The Tradeline is misleading to any user of Plaintiff's credit report who sees this tradeline or who obtains his credit score that is based on this tradeline.

21. The Errant Tradeline is false and misleading to any user of the Plaintiff's credit report who would consider extending credit to the Plaintiff. The Errant Tradeline creates a false impression to potential credit grantors that Plaintiff continues to have a monthly obligation on a debt when, in fact, there is no such monthly obligation. This causes the Plaintiff damage by reducing the Plaintiff's opportunities for credit, jobs, and employmen.

22. As a direct and proximate cause of Defendant's negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, anxiety, and frustration due along with loss of sleep due to Defendant's

failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of Defendant's violations of the FCRA.

23. Defendant's actions and omissions have caused Plaintiff to lose time attempting to correct the false information on Plaintiff's consumer report.

24. The time spent by a person attempting to correct a false credit report constitutes a concrete injury for purposes of an FCRA claim. Pinson v. JPMorgan Chase Bank, Nat'l Ass'n, No. 16-17107, 2019 U.S. App. LEXIS 33662, at *5 (11th Cir. Nov. 12, 2019), citing Pedro v. Equifax, Inc., 868 F.3d 1275, 1280 (11th Cir. 2017).

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY VW CREDIT INC.**

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous scheduled monthly payment, VW Credit negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

27. VW Credit negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to report the Errant Tradeline with a scheduled monthly payment of $0.

28. The Errant Tradeline is inaccurate and is creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

29. As a direct and proximate cause of VW Credit's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. VW Credit is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

31. Plaintiff has a private right of action to assert claims against VW Credit arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant VW Credit for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY VW CREDIT INC.**

32. Plaintiff realleges the above paragraphs as if recited verbatim.

7

33. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, VW Credit willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

34. VW Credit willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

35. As a direct and proximate cause of VW Credit's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

36. VW Credit is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant VW Credit for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

40. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

41. After receiving Plaintiff's consumer dispute to the False Tradeline and Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

44. Plaintiff realleges the above paragraphs as if recited verbatim.

45. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

46. Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

47. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

48. After receiving Plaintiff's consumer dispute to the False Tradeline and Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

49. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

50. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 19, 2023

                                          HILLTOP LAW FIRM

                                          By: _/s/ Cy T. Hainey_
                                          Cy T. Hainey
                                          Attorneys for Plaintiff,
                                          Scott Risley